UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 01-00209(B)- RMT |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' |
| vs. | ) ) | MOTION TO COMPEL DISCOVERY |
| ROYA RAHMANI, et al., | ) ) | |
| Defendants. | ) ) | |

This matter has come before the court on a motion to compel discovery filed by Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj, and Mohammad Hossein Omidvar ("Defendants" ).

On November 7, 2007, Defendants Moustafa Ahmady and Roya Rahmnai filed their Motion to Compel Discovery, Document No. 545.[1]  On the same day, Defendant Omidvar filed a motion to compel production of numerous discovery materials.  (Doc. No. 546).

On November 29, 2007, the government filed a Second Superseding Indictment. ("Indictment").  The Indictment added two additional defendants and fifty-three

---

[1] Document Number refers to the entries in the court's docket for this case.

1

1  additional counts.[2] Indictment, Doc. No. 677.  The additional counts included charges of

2  conspiracy, mail fraud, wire fraud, bank fraud and money laundering.

3        On December 3, 2007, the government filed its consolidated opposition to the

4  discovery motions.  Government's Consolidated Opposition to Defendants' Motions to

5  Compel Discovery ("Gov't Opp'n"), Doc. No. 583.  On December 10, 2007, Defendants

6  Ahmady and Rahmnai filed their Reply.  Defendants Ahmady's and Rahmani's Reply to

7  Government's Opposition to Motion to Compel Discovery ("Reply"), Doc. No. 608.

8        On December 20, 2007, the government stated that "[it] has always worked under

9  the assumption that the April [2008] trial date will be the trial date - even with the

10  Second Superseding Indictment.  The government opposes any effort by some counsel

11  to pretend that the April trial date is real, and then seek a last minute continuance of the

12  matter."  Government's Statement to the Court Regarding Motion and Trial Date

13  Proposals ("Gov't Statement") at 3, Doc. No. 642.

14        On May 9, 2008, in recognition, in part, that some pretrial motions had been filed

15  before the Indictment was filed and before new counsel had been appointed, the court

16  ordered the parties to advise the court and other parties, in writing, as to each pending

17  motion, whether the moving party would be withdrawing or revising it, or whether the

18  motion stood as filed.  May 9, 2008 Order Re: Scheduling of Pretrial Motions, Doc. No.

19  771.  On the same day, the court continued the trial to April 14, 2009.  Order Re:

20  Excludable Time Findings Pursuant to the Speedy Trial Act, Doc. No. 770.

21        On July 15, 2008 all defendants renewed Defendants Ahmady and Rahmani's

22  _____

23      [2]  The original indictment was filed on March 13, 2001 and charged defendants with

24  fifty-nine counts of providing material support or resources to a designated foreign terrorist

25  organization.  March 13, 2001 Indictment, Doc. No. 65.  On June 24, 2005, a First Superseding

    Indictment was filed, charging defendants with additional counts for fraud and misuse of visa,

26  permits and other documents, and with the procurement of citizenship or naturalization

27  unlawfully, increasing the total number of counts to sixty-four.  (June 14, 2005 First Superseding

28  Indictment, Doc. No. 339).

1  Motion to Compel Discovery.  Defendants' Notice of Renewed Motion and Renewed

2  Motion to Compel Discovery Based on Supplemental Authority ("Renewed Mot."),

3  Doc. No. 804.  On September 19, 2008, defendants advised the court and the

4  government they were withdrawing the November 7, 2007 motion to compel discovery

5  filed by Defendant Omidvar.  Defendants' Response Re Status of Previous Motions.

6  Doc. No. 835.

7      On September 19, 2008, the court ordered the parties to meet and confer about

8  discovery related issues and to "file a joint statement regarding the discovery motion."

9  September 19, 2008 Order Continuing Reply and Hearing Dates Regarding Dispositive

10  Motions at ¶ 4, Doc. No. 838.  On November 11, 2008, the parties  filed their report.

11  Joint Report Re Meet and Confer on Defendants' Motion to Compel Discovery ("Joint

12  Report"), Doc. No. 880.

13      As of December 3, 2007, the government had produced approximately 172,000

14  pages of material in discovery, most of which has been scanned and provided to

15  defendants on compact disks.  Gov't Opp'n at 3.  The materials include voluminous

16  financial records and evidence obtained from foreign countries in multiple languages.[3]

17  Order re: Excludable Time Findings Pursuant to the Speedy Trial Act, at 11, Doc. No.

18  770.  In addition, the government has produced audio tapes, video tapes, books and

19  other materials also in foreign languages. *Id*.  Both the government and defendants agree

20  on the "unusual and complex nature of the case." *Id*. at 13.

21      The court, having considered the pleadings and other papers filed herein,

22  including the joint report filed by the parties, it appears that the only remaining

23  discovery disputes are with respect to the following:

24

25      _____

26      [3]  According to the government, as of November 11, 2008, it had produced "over 27,000
    pages of English-language translations to the defense, including materials that have been

27  translated from Farsi, Arabic, Turkish, Dutch, Korean, Norwegian, French, Italian, Swedish, and

28  German."  Joint Report at 7.

A. *Brady* and *Giglio* Request, in particular:

    1. Materials concerning the Confidential Informant.

    2. Documentation and materials relative to the U.S. Government's instructions to the MEK to continue fund raising activities; U.S. Government's provision of material support and resources to the MEK or any of its alleged aliases between 1997 and 2001, and; U.S. Government's provision of material support and resources to the MEK or any of its alleged aliases after 2001 to the present.

    3. *Henthorn* materials concerning testifying officers.

    4. Classified Information Procedure Act ("CIPA") materials identified to the government through defendant's request served on the government on or about March 14, 2007.

B. Final Transcripts and Translations of Foreign Documents.

C. Witness and Exhibit List.

D. Expert Witness Disclosures.

E. *Jencks* Act materials that are also grand jury testimony.

F. Innocent Intent, Entrapment by Estoppel and Public Authority Materials.

G. Federal Rules of Evidence, Rule 404(b) evidence.

H. Electronic Discovery/Hard Drive and Floppy Disk Discovery Issues.

The court finds as follows:

A. *Brady* and *Giglio* Request

    1. Materials concerning the Confidential Informants.

To the extent the government has not produced an updated list of the benefits conferred to the Confidential Informant in the witness security program to whom the government referred in its opposition, Gov't Opp'n at 6, the government shall produce

4

an updated list within fourteen days of the date of this order.  In all other respects, based on the government's representation that it has produced the *Brady* and *Giglio* materials related to the cooperating witnesses, defendants' *Brady* and *Giglio* request is denied.

      2.      Documentation and materials relative to the U.S. Government's instructions to the MEK to continue fund raising activities; U.S. Government's provision of material support and resources to the MEK or any of its alleged aliases between 1997 and 2001, and; U.S. Government's provision of material support and resources to the MEK or any of its alleged aliases after 2001 to the present.

Although the government states it understands its *Brady* obligation and that it has conducted "its due diligence in this case, and has nothing to produce" concerning this request as it relates to events occurring between 1997 and 2001, Joint Report at 4, in its opposition, the government had stated that '[s]hould the government locate any evidence that falls within its discovery obligations, it [would] disclose it."  Gov't Opp'n at 22.

To avoid any questions as to the scope of the government's obligation under *Brady* and its progeny, the government is reminded that:

      Because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned.  A prosecutor's duty under *Brady* necessarily requires the cooperation of other government agents who might possess *Brady* material . . . . Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating agency does.

*United States v. Blanco*, 392 F.3d 382, 388 (9th Cir. 2004) (internal citations omitted).

Additionally, the government objects to defendants' request for post-February 2001 materials "because such materials are irrelevant to the charges in the indictment." Joint Report at 5.  However, *Brady* and its progeny encompass evidence that is material

1  either to guilty or punishment. *Brady v. Maryland*,  373 U.S. 83, 87 (1963) ("We now

2  hold that the suppression by the prosecution of evidence favorable to an accused . . .

3  violates due process where the evidence is material either to guilt or to punishment,

4  irrespective of the good faith or bad faith of the prosecution.")

5        As the defendants' argue, were a conviction to occur in this case, the court has a

6  duty to take into consideration the advisory Sentencing Guidelines; the overarching

7  instruction of 18 U.S.C.§ 3553(a) to impose a "sentence sufficient, but not greater than

8  necessary;" the parties' arguments for a sentence they believe is appropriate and Section

9  3553 (a) factors in relation to the sentence suggested by the parties; and make an

10 individual sentencing determination based thereon. *United States v. Carty*, 520 F.3d

11 984, 990-992 (9th Cir. 2008).  Whether or not the United States Government engaged in

12 the activities alleged by defendants, subsequent to the course of conduct alleged in the

13 Indictment, and which the government has yet to deny, is relevant to the court's

14 determination of what punishment, if any, defendants deserve.

15       As such, documentation and materials relevant to the U.S. Government's

16 provision of material support and resources to the MEK or its aliases between 1997 and

17 2001, and thereafter are relevant to sentencing and shall be produced by the government

18 within fourteen days of the date of this order.

19       In all other respects, based on the government's representation that it will disclose

20 *Brady* materials, defendant's request is denied.

21       3.     *Henthorn* materials concerning testifying officers

22       The government states that after conducting a *Henthorn* review, it has no

23 materials to produce at this time.  Joint Report at 5.  Based on that representation, the

24 court denies defendant's request.  In the event of a questionable issue, the government

25 shall submit the questionable materials to the court for *in camera* review no later than

26 March 2, 2009.

27       4.     CIPA materials

28       The government has indicated it has no classified documents to produce to the

6

defense and that it will present any questionable material to the court.  The court thus denies defendants request. Any questionable classified documents and CIPA related issues shall be presented to the court for *in camera* examination no later than March 2, 2009.

B.      Final Transcripts and Translations of Foreign Documents.

As the government represented to the court that it had always worked under the assumption that the April 2008 trial date would be the trial, the government shall produce final transcripts and translations of foreign documents by March 16, 2009.

C.      Witness and Exhibit List.

In its original opposition to defendants' motion to compel, the government opposed this request by stating that "[n]either Rule 16 of the Federal Rules of Criminal Procedure, Rule 12, nor any other rule of procedure or evidence compels the government to disclose its trial exhibits in advance of trial." Gov't Opp'n at 13.  As the Ninth Circuit has stated, however, while Rule 16 "does not entitle the defendant to a list of [nonexpert] witnesses, [] by the same token it does not suggest that a district court is prohibited from ordering such disclosure." *United States v. W.R. Grace*, 526 F.3d 499, 511 (9th Cir. 2008 (en banc).

In the Joint Report, the government argues, in part, that it cannot prepare its final list of exhibits until after defendants finalize their examination of the documents.  While the government is not required to tag the exhibits in the exact manner as they will be identified at trial, the court sees no obstacle to the government's preparation of a list based on the materials to which it has access.[4]

The government states in the Joint Report that "the granting of any of defendants' currently pending motions to dismiss the indictment will dramatically alter the government's as-yet-unprepared trial witness and exhibits [lists]" and thus requests that

---

[4] Presumably, the government retained copies of the materials which it has made available to the defendants.

were the court inclined to set a deadline, that such a deadline follow the date on which the court will rule on the outstanding motions.  Joint Report at 8-9.

The court is mindful of the government's tasks in preparing for trial given the unusual and complex nature of the case, the voluminous amount of materials involved, and the number of motions filed by the defendants.  The court is also mindful however, that the defendants share with the government some of the same circumstances that make trial preparation for this case complex.  For these reasons, the court revises its October 26, 2007 Order Re Procedures in Criminal Cases, Doc. No. 536, and orders the government to file a final list of exhibits and witnesses within three days of the court's ruling on the respective motions to dismiss.[5]

D.    Expert Witness Disclosures.

The government states that "because the granting of any of defendants' currently pending motions to dismiss the indictment will dramatically alter the nature and extent of whether to call experts, and the nature, subject matter, and extent of that testimony . . . [t]he  government cannot provide expert witness disclosures until after the pending motions to dismiss are decided."  Joint Report at 10.  As stated above, mindful of the tasks facing both the government and the defendants in order to prepare for trial given the nature and complexity of the case, the court revises its October 26, 2007 Order Re Procedures in Criminal Cases, Doc. No. 536, and orders the government to provide expert witness disclosures within three days of the court's ruling on the respective motions to dismiss.  Defendants shall provide the government with reciprocal disclosures no later that one week after receipt of the government's disclosures.

E.    *Jencks* Act materials that are also grand jury testimony.

The government states it has produced all *Jencks* Act material except for *Jencks*

---

[5]  The court will issue a separate order setting hearings for the pending motions to dismiss.

1   Act materials that are also grand jury testimony, which the government has offered to

2   produce one week before trial.  Joint Report at 11.

3          Given the complexity of the case as articulated above, including the fact that the

4   grand jury has returned three different indictments, the government is encouraged to

5   produce relevant *Jencks* Act material that it has not yet provided earlier than a week

6   before trial.  In light of the complexity of the case, the court recognizes that defendants'

7   receipt of *Jencks* Act  materials just a few days before the trial date could result in the

8   need for a further trial continuance.  In order to prevent a last minute continuance, and

9   the subsequent scheduling problems that such a continuance would cause given the

10  number of defendants involved in this case and a trial estimate of four months, counsel

11  are hereby order to meet and confer in an attempt to resolve this issue.

12  F.     Innocent Intent, Entrapment by Estoppel and Public Authority Materials.

13         As the government states it has produced any discovery it has located that is

14  responsive to this request and that falls within its discovery obligation, the court denies

15  defendants' request.

16  G.     Federal Rules of Evidence, Rule 404(b) evidence.

17         The government asserts it does not now believe that any of the discovery and

18  evidence already produced is 404(b) evidence.  Joint Report at 12.  In the event that the

19  government changes its position, the government shall provide notice of the intent to

20  introduce 404(b) evidence by March 16, 2009.

21  H.     Electronic Discovery/Hard Drive and Floppy Disk Discovery Issues

22         The government states it has produced the information requested by the

23  defendants in two forms that the government asserts meet defendants' prior concerns.

24  Joint Report at 12.  As the defendants have not articulated any objections to those forms

25  of production, the court denies this request.

26

27         Accordingly,

28         IT IS ORDERED that the Defendants' Renewed Motion to Compel Discovery

9

1  Based on Supplemental Authority, Docket No. 804, is HEREBY GRANTED IN PART

2  and DENIED IN PART as specified above.

3       IT IS FURTHER ORDERED that defendants having withdrawn Defendant

4  Omidvar's motion to compel, Doc. No. 546, such motion is HEREBY DENIED as

5  moot.

6       IT IS FURTHER ORDERED that to the extent defendants' requests in

7  Defendants' Motion to Compel Discovery, Doc. No. 545, is not incorporated in

8  Defendants' Renewed Motion to Compel Discovery Based on Supplemental Authority,

9  Doc. No. 804, Defendants' Motion to Compel Discovery, Doc. No. 545 is HEREBY

10  DENIED.

11

12  Dated: January 20, 2009.

13

14

15  ROBERT M. TAKASUGI
    United States District Sr. Judge

16

17

18

19

20

21

22

23

24

25

26

27

28