UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>1) HOSSEIN KALANI AFSHARI<br>2) MOHAMMAD HOSSEIN OMIDVAR<br>3) HASSAN REZAIE<br>4) ROYA RAHMANI<br>5) NAVID TAJ<br>6) MOUSTAFA AHMADY<br>7) ALIREZA MOHAMMADMORADI<br><br>Defendants. | Case No. CR 01-209(C)-DOC<br><br>ORDER DENYING MOTIONS BY DEFENDANTS TO DISMISS COUNTS AS TIME BARRED<br>(Motion No. 8 & 16) |

This matter has come before the Court on the motion filed July 15, 2008, by Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj, and Mohammad Hossein Omidvar ("Defendants") to dismiss all counts added by the First and Second Superseding Indictments that are covered by five-year statutes of limitations[1] (Motion to Dismiss No.

---

[1] In their motion, Defendants assert that they seek dismissal of *all* counts added by the First and Second Superseding Indictments that are covered by five-year statutes of limitations. However, in their supporting memorandum they clarify that to mean dismissal of Counts 1-23, 27-30 and 32-58 of the Second Superseding Indictment. Defendants do not move to dismiss Count 31.

1

8) ("Motion No. 8") (Doc. No. 796), and the motion filed August 4, 2008, by Defendant Omidvar to dismiss Counts 1-23 and 32-58 as against Defendant Omidvar, on the basis that said counts are time-barred ("Omidvar's Motion") (Doc. No. 809)("Motion No. 16"), as to which Defendant Taj has filed a joinder.  Joinder to Defendant Omidvar's Motion to Dismiss Counts 1-23 and 32-58 as Time-Barred, filed 08/15/2008, Doc. No. 812.

In Motion No. 8, Defendants contend (1) that Counts 27-30 are time-barred because they allege misuse of a visa no later than December, 2000, and were added by the First Superseding Indictment ("FSI"), which was unsealed on February 5, 2007, more than five years thereafter; and (2) that Counts 1-23 and 32-58 are time-barred because they are based on acts that occurred no later than February 26, 2001, and were added by the Second Superseding Indictment ("SSI"), which was filed on November 29, 2007, more than five years thereafter.  Defendants assume that the Government's 18 U.S.C. § 3292 applications are not effective to suspend the statute of limitations.  However, by the Court's Order Denying Motion by Defendants to Invalidate Government's § 3292 (Motion No. 7),this Court has held that the Government's two applications filed pursuant to 18 U.S.C. § 3292 were effective to suspend the statutes of limitations in question.

In Defendant Omidvar's motion, he contends that the Counts added against him by the SSI are time-barred because they are based on acts that occurred no later than February 26, 2001, and the SSI was filed on November 29, 2007.  Defendant Omidvar further contends that the first suspension order is not effective against him because his name is not mentioned in the Government's application, and the second suspension order is not effective because it was issued after the statute of limitations had expired.  However, as this Court has ruled in its Order Re § 3292 Applications, the first suspension order that was issued on August 22, 2003, was effective against Defendants Omidvar and Taj.

The August 22, 2003 Order was effective to suspend the statutes of limitations on Counts 1-23, 27-30, and 32-58 of the SSI from May 31, 2002, until the earlier of three years or "the date on which the foreign court or authority takes final action

on the request." 18 U.S.C. § 3292 (b) and (c). Because Defendants do not assert a date of final action on the Government's request, for purposes of this motion, the Court will assume a three-year suspension of the statutes of limitations. As such, the Counts accrued by either December 2000, or February 26, 2001, and the statutes of limitations were suspended for the three-year period from May 31, 2002 to May 31, 2005. As a result, the FSI was unsealed,[2] and the SSI was filed, well before the expiration of the statutes of limitations, which would not have occurred until December, 2008, or February 26, 2009.

Accordingly,

IT IS ORDERED that the motion by Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar to dismiss Counts 1-23, 27-30 and 32-58 in the Second Superseding Indictment which are covered by five-year statutes of limitations (Doc. No. 796) is respectfully denied.

IT IS FURTHER ORDERED that the motion by Defendant Omidvar to dismiss Counts 1-23 and 32-58 as against Defendant Omidvar on the basis that said counts are time-barred (Doc. No. 809), as to which Defendant Taj has filed a joinder, is respectfully denied.

Dated: April 14, 2009

DAVID O. CARTER
United States District Judge

---

[2] Because the statute of limitations did not expire before the date of the unsealing of the FSI, the Court need not reach whether the sealing order was proper and, therefore, results in the tolling of the statute of limitations by the filing date of the sealed FSI.