UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 01-209(C)-DOC |
|---|---|
| Plaintiff, | ) ORDER DENYING MOTION BY |
| vs. | ) DEFENDANTS TO INVALIDATE<br>) GOVERNMENT'S § 3292<br>) APPLICATIONS |
| 1) HOSSEIN KALANI AFSHARI<br>2) MOHAMMAD HOSSEIN OMIDVAR<br>3) HASSAN REZAIE<br>4) ROYA RAHMANI<br>5) NAVID TAJ<br>6) MOUSTAFA AHMADY<br>7) ALIREZA MOHAMMADMORADI | ) (Motion No. 7) |
| Defendants. | ) |

This matter has come before the Court on the motion filed July 15, 2008, by Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar ("Defendants") to invalidate the Government's 18 U.S.C. § 3292 applications (Doc. No. 795) (Motion to Dismiss No. 7). Having considered the record herein, including the oral argument of counsel, the Court finds as follows:

**I. PROCEDURAL BACKGROUND**

On July 28, 2003, after the Indictment had been filed herein, the Government lodged with the Court an application pursuant to 18 U.S.C. § 3292, seeking

1

1 an order suspending the running of the statute of limitations with respect to:

2     Roya Rahmani, Alireza Mohammadmoradi, Hassan Rezaie,
3     Mustafa [sic] Ahmadi, Hossein Afshari, and others, for
4     possible violations of United States criminal laws, including:
5     conspiring to commit federal crimes; obtaining money by
6     means of false and fraudulent pretenses; obtaining money
7     through fraudulent use of credit card numbers; laundering
8     fraudulently obtained money through many different bank
9     accounts; transferring proceeds of criminal activity overseas;
10     engaging in monetary transactions in criminally derived
11     property, each transaction having a value greater than
12     $10,000; perpetrating immigration fraud; testifying
13     perjuriously; and acting in violation of export control laws . .
14     .[in violation of] Title 18, United States Code, Sections 2
15     (aiding and abetting), 371 (conspiracy), 1015 (naturalization
16     document fraud), 1341 (mail fraud), 1343 (wire fraud), 1546
17     (immigration fraud), 1621 (perjury), 1623 (false declarations
18     under oath), 1956 (money laundering), 1957 (money
19     laundering), and Title 50, United States Code, Sections 1701 -
20     02/1705(b) (export control).

21 Exhibit MM to Government's Exhibits (Part II) in Support of Opposition to Motions to
22 Dismiss ("Gov't's Exhibits Part II"), filed 09/10/2008, Doc. No. 829.

23     On August 22, 2003, the §3292 application was granted, suspending the
24 statute of limitations

25     for any and all federal offenses relating to Roya Rahmani,
26     Alireza Mohammadmoradi, Hassan Rezaie, Mustafa [sic]
27     Ahmady, Hossein Afshari, and others, for possible violations
28     of United States criminal laws, including: conspiring to

1    commit federal crimes; obtaining money by means of false and
2    fraudulent pretenses; obtaining money through fraudulent use
3    of credit card numbers; laundering fraudulently obtained
4    money through many different bank accounts; transferring
5    proceeds of criminal activity overseas; engaging in monetary
6    transactions in criminally derived property, and each
7    transaction having a value greater than $10,000; perpetrating
8    immigration fraud; testifying perjuriously; and acting in
9    violation of export control laws . . . [including, but not limited
10   to,] violations of 18 U.S.C. §§ 2, 371, 1015, 1341, 1343, 1546,
11   1621, 1623, 1956, 1957, and Title 50, United States Code,
12   Sections 1701 - 02/1705(b), . . . [effective] May 31, 2002 (the
13   date of the submission of the earliest request for foreign
14   assistance which remains pending [at the time of the order]).

Exhibit NN to Gov't's Exhibits Part II.

On June 14, 2005, the First Superseding Indictment was filed herein under seal.  First Superseding Indictment, filed 06/14/2005, Doc. No. 339.  On February 5, 2007, it was unsealed.  Criminal Minutes, 02/05/2007, Doc. No. 417.

On November 13, 2007, the Government lodged with the Court another application pursuant to § 3292 seeking a second order suspending the running of the statute of limitations for the same period as that covered by the first application with respect to the same defendants and same offenses, but adding the names of Defendants Navid Taj, Mohammad Hossein Omidvar, Mohammad Bigdeli and Elham Kiamanesh, and adding the offenses of mail fraud, wire fraud, bank fraud, immigration fraud, and providing false information to financial institutions and violations of 18 U.S.C. §§ 1014, 1344, and 1425.  Exhibit OO to Gov't's Exhibits Part II.  On November 16, 2007, the second § 3292 application was granted.  Exhibit PP to Gov't's Exhibits Part II.

Thereafter, on November 29, 2007, the Second Superseding Indictment was

filed herein. Second Superseding Indictment, filed 11/29/2007, Doc. No. 677.

## II. DISCUSSION

Defendants argue that the Government's applications are invalid as there are no new offenses alleged in the First and Second Superseding Indictments because the term, "offense," as used in § 3292, means course of conduct. However, § 3292 refers to "evidence of an *offense*," "the statute of limitations for the *offense*," and "periods of suspension . . . with respect to an *offense*." Such use of the term, "offense," makes it clear that the term refers to a particular crime or statutory charge rather than a course of conduct.

Defendants next argue that because the Government's first application did not mention Defendant Navid Taj by name, the August 22, 2003 Order was not effective as against him. However, § 3292 is offense-specific, not person-specific, in that it suspends the statute as to an offense – it does not suspend the statute as to activities of an individual. *United States v. Neill*, 952 F.Supp. 831 (D. D.C. 1996), *United States v. Ratti*, 365 F.Supp.2d 649 (D. Md. 2005).

Defendants contend that the Government's applications are invalid because they were not filed before the return of the Indictment herein. Of course the August 22, 2003 Order was not effective to suspend the statute of limitations as to offenses contained in the Indictment, and the November 16, 2007 Order was not effective to suspend the statute of limitations as to offenses contained in either the Indictment or the First Superseding Indictment. However, because the first application was filed before the filing of the First Superseding Indictment, the August 22, 2003 Order was effective to suspend the statute of limitations for new offenses listed therein and added by the First and Second Superseding Indictments; and because the second application was filed before the filing of the Second Superseding Indictment, the November 16, 2007 Order was effective to suspend the statute of limitations for new offenses listed therein and added by the Second Superseding Indictment. 18 U.S.C. § 3292. However, to "suspend" the statute of limitations does not mean to resurrect it.

1          The *Ex Post Facto* Clauses of the United States Constitution prohibit the
2   enactment of a statute resurrecting the limitations period after the original statute of
3   limitations has expired. *Stogner v. California*, 539 U.S. 607 (2003). Prior to *Stogner*, the
4   Ninth Circuit held that the suspension of the running of the statute of limitations under 18
5   U.S.C. § 3292 "'shall begin on the date on which the official request is made,'" and
6   allowed the suspension to resurrect the limitations period after the original statute of
7   limitations had expired. *United States v. Bischel*, 61 F.3d 1429, 1434 (9th Cir. 1995)
8   (quoting 18 U.S.C. § 3292(b)). As such, *Bischel* construed 18 U.S.C. § 3292 as allowing
9   the resurrection of the limitations period after the original statute of limitations has expired
10  and, thus, runs afoul of the *Ex Post Facto* Clauses. Therefore, after *Stoegner*, *Bischel* must
11  be limited to only suspend the running of the statute of limitations if it had not yet run at
12  the time of the issuance of the suspension order.
13         Turning to the offenses added by the First and Second Superseding
14  Indictments, the issue becomes as to which offenses, if any, does the August 22, 2003
15  Order or the November 16, 2007 Order suspend the statute of limitations?
16  **A.      COUNTS 1 THROUGH 23 OF SECOND SUPERSEDING INDICTMENT**
17         With respect to the offenses alleged in Counts 1 through 23 of the Second
18  Superseding Indictment for mail fraud, wire fraud and conspiracy, the first application
19  refers to the Government investigation of MEK "supporters, including Roya Rahmani,
20  Alireza Mohammadmoradi, Hassan Rezaie, Mustafa Ahmady, Hossein Afshari ["the Five
21  Defendants")] and others, for possible violations of United States criminal laws, including:
22  conspiring to commit federal crimes; obtaining money by means of false and fraudulent
23  pretenses . . . ." Exhibit MM to Gov't's Exhibits Part II. The first application also lists the
24  possible charges as "violations of Title 18, United States Code, Sections . . . 371
25  (conspiracy), . . . 1341 (mail fraud), 1343 (wire fraud) . . ." and explains as relevant facts
26  that "teams of MEK supporters solicited funds from travelers at Los Angeles International
27  Airport ("LAX") ostensibly on behalf of the CHRI," that "[t]hese MEK solicitors
28  represented to airport travelers that the donated funds would go to assist Iranian children in

1 refugee camps, or to help Iranian victims of alleged human rights abuses," that "[i]n fact,
2 as the solicitors knew, the donated funds were not used for humanitarian relief as
3 represented, but rather went to the MEK and its military wing, the NLA, to finance the
4 execution of terrorist acts. . . ." *Id.* These facts not only describe the providing material
5 support counts alleged in the original indictment, but also explain the factual basis for the
6 fraud counts. As such, this language in the first application is sufficient to encompass the
7 fraud offenses alleged in Counts 1 through 23 of the Second Superseding Indictment as
8 against the Five Defendants mentioned in the application plus both Defendants Navid Taj
9 and Mohammad Hossein Omidvar. Accordingly, the August 22, 2003 Order suspends the
10 statute of limitations for Counts 1 through 23 of the Second Superseding Indictment
11 effective May 31, 2002, as against all of the Defendants.

**B.     COUNTS 27 THROUGH 30 OF SECOND SUPERSEDING INDICTMENT**

13 With respect to the offenses alleged in Counts 60 through 63 of the First
14 Superseding Indictment and Counts 27 through 30 of the Second Superseding Indictment
15 for fraud/misuse of visa, permits or other documents against Defendant Rahmani under 18
16 U.S.C. § 1546, the first application refers to "perpetrating immigration fraud" and lists as a
17 possible charge, violation of 18 U.S.C. § 1546. *Id*. The application asserts as relevant
18 facts that evidence had been uncovered that Defendant "Rahmani obtained legal
19 immigration status in the United States through false pretenses by making material false
20 statements on the asylum application she filed with the United States Immigration and
21 Naturalization Service . . . ." *Id.* As such, the first application is sufficient to encompass
22 the offenses alleged in Counts 60 through 63 of the First Superseding Indictment and
23 Counts 27 through 30 of the Second Superseding Indictment against Defendant Rahmani
24 and, therefore, the August 22, 2003 Order suspends the statute of limitations for Counts 60
25 through 63 of the First Superseding Indictment and Counts 27 through 30 of the Second
26 Superseding Indictment against Defendant Rahmani, effective May 31, 2002.

**C.     COUNT 31 OF SECOND SUPERSEDING INDICTMENT**

28 With respect to the offense alleged in Count 64 of the First Superseding

Indictment and Count 31 of the Second Superseding Indictment for procurement of citizenship or naturalization unlawfully against Defendant Taj under 18 U.S.C. § 1425, the first application does not refer to any offense concerning procurement of citizenship or naturalization, nor does it refer to any possible violation of 18 U.S.C. § 1425 or otherwise describe any relevant facts from which it could be concluded that the offense alleged in Count 64 of the First Superseding Indictment or Count 31 of the Second Superseding Indictment is within those offenses under investigation.  As such, the August 22, 2003 Order does not suspend the statute of limitations for Count 64 of the First Superseding Indictment or Count 31 of the Second Superseding Indictment against Defendant Taj.

Because the second application for suspension of the limitations period was not filed before the return of the First Superseding Indictment, the November 16, 2007 Order cannot suspend the statute of limitations for Count 64 of the First Superseding Indictment and, thus, also cannot suspend the statute of limitations for Count 31 of the Second Superseding Indictment.

**D.   COUNTS 32 THROUGH 58 OF SECOND SUPERSEDING INDICTMENT**

With respect to the offenses alleged in Counts 32 through 58 of the Second Superseding Indictment for promotional and concealment money laundering and conspiracy under 18 U.S.C. §§ 1956(a) and (h), the first application refers to the Government investigation of the Five Defendants "and others" for possible violations including "conspiring to commit federal crimes . . . [and] laundering fraudulently obtained money through many different bank accounts."  Exhibit MM to Gov't's Exhibits Part II.  The possible charges are listed as "violations of Title 18, United States Code Section[] . . . 1956 (money laundering),"  and explains as relevant facts (in addition to the solicitation of funds from travelers at LAX by the teams of MEK supporters) that "[o]n numerous dates . . . large sums of money were transferred from the CHRI bank account in Los Angeles to bank accounts in Turkey," that "[o]ne of those Turkish bank accounts was opened, and many of the transactions conducted on that account were originated, through the bank's branch in Cologne, Germany," that "[s]ome of the funds in these Turkish bank accounts

7

were subsequently transferred to banks in Belgium, Jordan, and the United Arab Emirates." *Id.* This language in the first application is sufficient to encompass the money laundering offenses alleged in Counts 32 through 58 of the Second Superseding Indictment as against all the Defendants, including Taj and Omidvar and, therefore, the August 22, 2003 Order suspends the statute of limitations for Counts 32 through 58 of the Second Superseding Indictment effective May 31, 2002.

### III.  CONCLUSION

The August 22, 2003 Order suspended the statute of limitations effective May 31, 2002, as to offenses alleged in Counts 1 through 23, 27 through 30, and 32 through 58, of the Second Superseding Indictment. However, neither the August 22, 2003 Order nor the November 16, 2007 Order was effective to suspend the statute of limitations as to the offense alleged against Defendant Taj in Count 31 of the Second Superseding Indictment. Although the Government's applications to suspend the statute of limitations are not invalid, they cannot resurrect an already expired limitations period.

Accordingly,

IT IS ORDERED that the motion by Defendants to invalidate the Government's 18 U.S.C. § 3292 applications (Doc. No. 795) (Motion No. 7) is respectfully denied.

Dated: April 14, 2009

*David O. Carter*
_____
DAVID O. CARTER
United States District Judge